1  **CAREY D. GORDEN**
California State Bar No. 236251
2  225 Broadway, Suite 900
San Diego, CA 92101-5030
3  (619) 234-8467/Fax: (619) 687-2666
E-Mail: carey_gorden@fd.org
4

5  Attorneys for Mr. Garcia

6

7

8
                    UNITED STATES DISTRICT COURT
9
                  SOUTHERN DISTRICT OF CALIFORNIA
10
                    **(HONORABLE LARRY ALAN BURNS)**
11
UNITED STATES OF AMERICA,        )    CASE NO.  08CR0063-LAB
12                                 )
            Plaintiff,             )    DATE: FEBRUARY 4, 2007
13                                 )    TIME:   2:00 P.M.
v.                                 )
14                                 )    **MEMORANDUM OF POINTS AND**
PEDRO GARCIA,                      )    **AUTHORITIES IN SUPPORT OF**
15                                 )    **DEFENDANT'S MOTIONS**
                                   )
16          Defendant.             )
                                   )
17
                       **STATEMENT OF FACTS**
18
       Mr. Garcia was arrested at the San Ysidro, California Port of Entry.  The Government alleges
19
that he attempted to illegally enter the United States.  Mr. Garcia made incriminating statements,
20
when interrogated by Customs and Border Protection Officers.
21
       On January 9, 2008, the Grand Jury indicted Mr. Garcia on one count of violating 8 U.S.C.
22
§ 1326(a) and (b) (attempted re-entry following deportation).
23
/ / /
24
/ / /
25
/ / /
26
/ / /
27
/ / /
28

## MOTIONS

## I.
## ANY STATEMENTS MADE BY MR. GARCIA SHOULD BE SUPPRESSED

**A.    The Government Must Demonstrate Compliance With *Miranda*.**

1.    *Miranda* Warnings Must Precede Custodial Interrogation.

The prosecution may not use statements, whether exculpatory or inculpatory, stemming from a custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. Miranda v. Arizona, 384 U.S. 436, 444 (1966); see also Berkemer v. McCarty, 468 U.S. 420, 428 (1984) (restating Miranda principles). Custodial interrogation is questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. Id. See Orozco v. Texas, 394 U.S. 324, 327 (1969).

When the border patrol agent originally interrogated Mr.Garcia a, no reasonable person could have felt free to leave. Once a person is in custody, Miranda warnings must be given prior to any interrogation. See United States v. Estrada-Lucas, 651 F.2d 1261, 1265 (9th Cir. 1980) (to trigger the Miranda requirement not only must probable cause exist but also a person must reasonably believe that he is not free to leave). Those warnings must advise the defendant of each of his or her "critical" rights. United States v. Bland, 908 F.2d 471, 474 (9th Cir. 1990). If a defendant indicates that he wishes to remain silent or requests counsel, the interrogation must cease. Miranda, 384 U.S. at 474. See also Edwards v. Arizona, 451 U.S. 477, 484 (1981).

**B.    Mr. Garcia's Statements Were Involuntary.**

Even when the procedural safeguards of Miranda have been satisfied, a defendant in a criminal case is deprived of due process of law if his conviction is founded upon an involuntary confession. Arizona v. Fulminante, 499 U.S. 279 (1991); Jackson v. Denno, 378 U.S. 368, 387 (1964). The government bears the burden of proving that a confession is voluntary by a preponderance of the evidence. Lego v. Twomey, 404 U.S. 477, 483 (1972).

In order to be voluntary, a statement must be the product of a rational intellect and free will. Blackburn v. Alabama, 361 U.S. 199, 208 (1960). In determining whether a defendant's will was

1  overborne in a particular case, the totality of the circumstances must be considered.  <u>Schneckloth</u>

2  <u>v. Bustamonte</u>, 412 U.S. 218, 226 (1973).

3      A confession is deemed involuntary if coerced by physical intimidation or psychological

4  pressure.  <u>Townsend v. Sain</u>, 372 U.S. 293, 307 (1963).  "The test is whether the confession was

5  'extracted by any sort of threats or violence, [or] obtained by any direct or implied promises,

6  however slight, [or] by the exertion of any improper influence.'"  <u>Hutto v. Ross</u>, 429 U.S. 28, 30

7  (1976) (quoting <u>Bram v. United States</u>, 168 U.S. 532, 542-43 (1897)).  <u>Accord</u> <u>United States v.</u>

8  <u>Tingle</u>, 658 F.2d 1332, 1335 (9th Cir. 1981).  The government bears a heavy burden in

9  demonstrating that  a confession is voluntary and the finding of voluntariness "'must appear from

10  the record with unmistakable clarity.'" <u>Davidson</u>, 768 F.2d at 1270.  Here, such a finding cannot be

11  made.

12  **C.    This Court Should Conduct An Evidentiary Hearing.**

13      This Court should conduct an evidentiary hearing to determine whether Mr. Garcia's

14  statements should be admitted into evidence.  Under 18 U.S.C. § 3501(a), this Court is required to

15  determine, outside the presence of the jury, whether any statements made by Mr. Garcia are

16  voluntary.  In addition, § 3501(b) requires this Court to consider various enumerated factors,

17  including whether Mr. Garcia understood the nature of the charges against him and whether he

18  understood his rights.  Without evidence, this Court cannot adequately consider these statutorily

19  mandated factors.

20      Moreover, section 3501(a) requires this Court to make a factual determination.  Where a

21  factual determination is required, courts are obligated to make factual findings by Fed. R. Crim. P.

22  12. <u>See</u> <u>United States v. Prieto-Villa</u>, 910 F.2d 601, 606-10 (9th Cir. 1990).  Because "'suppression

23  hearings are often as important as the trial itself,'" <u>id.</u> at 610 (quoting <u>Waller v. Georgia</u>, 467 U.S.

24  39, 46 (1984)), these findings should be supported by evidence, not merely an unsubstantiated

25  recitation of purported evidence in a prosecutor's responsive pleading.

26  **II.**

27  **MOTION TO COMPEL DISCOVERY AND PRESERVE EVIDENCE**

28      As of the filing of these motions, the Government has provided Mr. Garcia with limited

1    discovery.  As of the date of the filing of these motions, Mr. Garcia has not received all of the

2    documentation related to alleged deportation, nor the audiotape of the deportation.

3         Mr. Garcia moves for the production by the government of the following discovery and for

4    the preservation of evidence.  This request is not limited to those items that the prosecutor knows

5    of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge

6    of any government agency.  See generally Kyles v. Whitley, 514 U.S. 419 (1995); United States v.

7    Bryan, 868 F.2d 1032 (9th Cir. 1989).

8         (1)    The Defendant's Statements.  The Government must disclose to the defendant all

9    copies of any written or recorded statements made by the defendant; the substance of any statements

10   made by the defendant which the Government intends to offer in evidence at trial; any response by

11   the defendant to interrogation; the substance of any oral statements which the Government intends

12   to introduce at trial and any written summaries of the defendant's oral statements contained in the

13   handwritten notes of the Government agent; any response to any Miranda warnings which may have

14   been given to the defendant; as well as any other statements by the defendant.  Fed. R. Crim. P.

15   16(a)(1)(A).  The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that

16   the Government must reveal all the defendant's statements, whetheroral or written, regardless of

17   whether the government intends to make any use of those statements.

18        (2)    Arrest Reports, Notes and Dispatch Tapes.  The defense also specifically requests that

19   all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding

20   his arrest or any questioning, if such reports have not already been produced in their entirety, be

21   turned over to him.  This request includes, but is not limited to, any rough notes, records, reports,

22   transcripts or other documents in which statements of the defendant or any other discoverable

23   material is contained.  This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v.

24   Maryland, 373 U.S. 83 (1963).  See also Loux v. United States, 389 F.2d 911 (9th Cir. 1968).  Arrest

25   reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and

26   prosecution reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(B) and

27   (C), Fed. R. Crim. P. 26.2 and 12(i).  Preservation of rough notes is requested, whether or not the

28   government deems them discoverable.

1    (3)    Brady Material. Mr. Garcia requests all documents, statements, agents' reports, and

2 tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility

3 of the government's case.  Impeachment as well as exculpatory evidence falls within Brady's

4 definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985);

5 United States v. Agurs, 427 U.S. 97 (1976).

6    (4)    Any Information That May result in a Lower Sentence Under The Guidelines.  As

7 discussed above, this information is discoverable under Brady v. Maryland, 373 U.S. 83 (1963).

8 This request includes any cooperation or attempted cooperation by the defendant, as well as any

9 information that could affect any base offense level or specific offense characteristic under Chapter

10 Two of the Guidelines.  Also included in this request is any information relevant to a Chapter Three

11 adjustment, a determination of the defendant's criminal history, or any other application of the

12 Guidelines.

13    (5)    The Defendant's Prior Record. Evidence of prior record is available under Fed. R.

14 Crim. P. 16(a)(1)(B).  Counsel specifically requests a complete copy of any criminal record.

15    (6)    Any Proposed 404(b) Evidence. Evidence of prior similar acts is discoverable under

16 Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609.  In addition, under Fed. R. Evid.

17 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance

18 of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under

19 Fed. R. Evid. 404(b) at trial.  The defendant requests that such notice be given three weeks before

20 trial in order to give the defense time to adequately investigate and prepare for trial.

21    (7)    Evidence Seized. Evidence seized as a result of any search, either warrantless or with

22 a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(C).

23    (8)    Request for Preservation of Evidence.  The defense specifically requests that all

24 dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the

25 possession, custody, or care of the government and which relate to the arrest or the events leading

26 to the arrest in this case be preserved  It is requested that the government be ordered to question all

27 the agencies and individuals involved in the prosecution and investigation of this case to determine

28 if such evidence exists, and if it does exist to inform those parties to preserve any such evidence.

1    (9)    Tangible Objects.  The defense requests, under Fed. R. Crim. P. 16(a)(1)(C) the

2    opportunity to inspect and copy as well as test, if necessary, all other documents and tangible

3    objects, including photographs, books, papers, documents, photographs of buildings or places or

4    copies of portions thereof which are material to the defense or intended for use in the government's

5    case-in-chief or were obtained from or belong to the defendant.  Specifically, Mr. Garcia requests

6    a copy of the videotape interview of the material witness, if one exists.

7    (10)    Evidence of Bias or Motive to Lie.  The defense requests any evidence that any

8    prospective government witness is biased or prejudiced against the defendant, or has a motive to

9    falsify or distort his or her testimony.  Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States

10    v. Strifler, 851 F.2d 1197 (9th Cir. 1988).

11    (11)    Impeachment evidence.  Mr. Garcia requests any evidence that any prospective

12    government witness has engaged in any criminal act whether or not resulting in a conviction and

13    whether any witness has made a statement favorable to the defendant.  See Fed. R. Evid. 608, 609

14    and 613.  Such evidence is discoverable under Brady v. Maryland, supra.  See United States v.

15    Strifler, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); Thomas v. United States, 343 F.2d

16    49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

17    (12)    Evidence of Criminal Investigation of Any Government Witness. The defense requests

18    any evidence that any prospective witness is under investigation by federal, state or local authorities

19    for any criminal conduct.  United States v. Chitty, 760 F.2d 425 (2d Cir. 1985).

20    (13)    Evidence Affecting Perception, Recollection, Ability to Communicate.  Mr. Garcia

21    requests any evidence, including any medical or psychiatric report or evaluation, tending to show

22    that any prospective witness's ability to perceive, remember, communicate, or tell the truth is

23    impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or

24    has ever been an alcoholic.  United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North

25    Carolina, 637 F.2d 213, 224 (4th Cir. 1980).

26    (14)    Witness Addresses.  The defense requests the name and last known address of each

27    prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United

28    States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel

1  is ineffective); <u>United States v. Cook</u>, 608 F.2d 1175, 1181 (9th Cir. 1979)) (defense has equal right

2  to talk to witnesses).  The defendant also requests the name and last known address of every witness

3  to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will

4  <u>not</u> be called as a government witness.  <u>United States v. Cadet</u>, 727 F.2d 1453 (9th Cir. 1984).

5       (15)  <u>Name of Witnesses Favorable to the Defendant</u>.  Mr. Garcia requests the name of any

6  witness who made any arguably favorable statement concerning the defendant or who could not

7  identify him or who was unsure of his identity, or participation in the crime charged.  <u>Jackson v.</u>

8  <u>Wainwright</u>, 390 F.2d 288 (5th Cir. 1968); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 223 (4th Cir.

9  1980); <u>Jones v. Jago</u>, 575 F.2d 1164, 1168 (6th Cir.), <u>cert. denied</u>, 439 U.S. 883 (1978); <u>Hudson v.</u>

10  <u>Blackburn</u>, 601 F.2d 785 (5th Cir. 1979), <u>cert. denied</u>, 444 U.S. 1086 (1980).

11       (16)  <u>Statements Relevant to the Defense</u>.  Mr. Garcia requests disclosure of any statement

12  that may be "relevant to any possible defense or contention" that he might assert.  <u>United States v.</u>

13  <u>Bailleaux</u>, 685 F.2d 1105 (9th Cir. 1982).  This would include Grand Jury transcripts which are

14  relevant to the defense motion to dismiss the indictment.

15       (17)  <u>Jencks Act Material</u>.  The defense requests all material to which Mr. Garcia is entitled

16  pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch

17  tapes.  A verbal acknowledgment that "rough" notes constitute an accurate account of the witness'

18  interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1).  <u>Campbell</u>

19  <u>v. United States</u>, 373 U.S. 487, 490-92 (1963).

20       (18)  <u>Giglio Information</u>.  Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the

21  defendant requests all statements and/or promises, expressed or implied, made to any government

22  witnesses, in exchange for their testimony in this case, and all other information which could

23  arguably be used for the impeachment of any government witnesses.

24       (19)  <u>Reports of Scientific Tests or Examinations</u>. Pursuant to Fed. R. Crim. P. 16(a)(1)(D),

25  the defendant requests the reports of all tests and examinations conducted upon the evidence in this

26  case. Including, but not limited to, any fingerprint testing done upon any evidence seized in this

27  case, that is within the possession, custody, or control of the government, the existence of which is

28  known, or by the exercise of due diligence may become known, to the attorney for the government,

1  and which are material to the preparation of the defense or are intended for use by the government

2  as evidence in chief at the trial.

3       (20)    Henthorn Material. The defense requests that the prosecutor review the personnel files

4  of the officers involved in his arrests, and those who will testify, and produce to him any exculpatory

5  information at least two weeks prior to trial and one week prior to the motion hearing. See

6  United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991). In addition, he requests that if the

7  government is uncertain whether certain information is to be turned over pursuant to this request,

8  that it produce such information to the Court in advance of the trial and the motion hearing for an

9  in camera inspection.

10      (21)    Informants and Cooperating Witnesses. Mr. Garcia requests disclosure of the names

11 and addresses of all informants or cooperating witnesses used or to be used in this case. The

12 government must disclose the informant's identity and location, as well as disclose the existence of

13 any other percipient witness unknown or unknowable to the defense. Roviaro v. United States, 353

14 U.S. 53, 61-62 (1957). Mr. Rodas-Mejia also requests disclosure of any information indicating bias

15 on the part of any informant or cooperating witness. Giglio v. United States, 405 U.S. 150 (1972).

16 Such information would include inducements, favors, payments, or threats made to the witness to

17 secure cooperation with the authorities.

18      (22)    Expert Witnesses. The defendant requests disclosure of any expert witnesses the

19 government intends to call at trial and "a written summary of testimony that the government intends

20 to use," including the "witnesses' opinions, the bases and the reasons for those opinions" and his

21 or her qualifications. Fed. R. Crim. P. 16(a)(1)(E).

22      (23)    Residual Request. The defense intends by this discovery motion to invoke his rights

23 to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the

24 Constitution and laws of the United States. This request specifically includes all subsections of Rule

25 16. Mr. Garcia requests that the government provide him and his attorney with the above requested

26 material sufficiently in advance of trial.

27 ///

28 ///

1

### III.

2

### REQUEST FOR LEAVE TO FILE FURTHER MOTIONS

3       To date, Mr. Garcia and defense counsel have received limited discovery from the

4   government.  It is anticipated that as new information comes to light, the defense will likely find it

5   necessary to file further motions.  Mr. Garcia requests a further opportunity to file further motions

6   based upon information gained through the discovery process.

7

### IV.

8

### CONCLUSION

9       For the reasons stated above, Mr. Garcia moves this Court to grant his motions.

10                                              Respectfully submitted,

11

                                            /s/ Carey D. Gorden
12  Dated:        January 14, 2008         **CAREY D. GORDEN**
                                            Attorney for Mr. Garcia
13                                          carey_gorden@fd.org

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28