KAREN P. HEWITT
United States Attorney
DAVID L. KATZ
Assistant United States Attorney
California State Bar No. 141295
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5226 / Fax: (619) 235-2757
Email: David.Katz@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR0063-LAB |
|---|---|---|
| Plaintiff, | ) ) ) | **GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO:** |
| v. | ) ) | |
| PEDRO GARCIA, | ) ) | **(1) COMPEL DISCOVERY;** |
| | ) | **(2) SUPPRESSION OF STATEMENTS; and** |
| Defendant. | ) ) | **(3) GRANT LEAVE TO FILE FURTHER MOTIONS** |
| | ) ) ) ) ) ) | **TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF POINTS AND AUTHORITIES, AND GOVERNMENT'S OWN MOTION FOR RECIPROCAL DISCOVERY** |
| | ) ) ) ) | Date:  February 4, 2008
Time:  2:00 p.m.
Honorable Larry Alan Burns |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel KAREN P. HEWITT, United States Attorney, and DAVID L. KATZ, Assistant U.S. Attorney, hereby files its Response and Opposition to Defendant Pedro Garcia's ("Defendant" or "Garcia") above-referenced motions and hereby files its own Motion For Reciprocal Discovery. This Response and Opposition is based upon the files and records of this case.

//

//

//

**I**

**STATEMENT OF THE CASE**

A Complaint was filed on October 29, 2007, charging the Defendant with attempted entry after deportation, in violation of 8 U.S.C. § 1326. On October 30, 2007, at his initial appearance before a federal magistrate, Federal Defenders of San Diego, Inc., was appointed to represent Garcia, and Carey Gordon, Esq. was subsequently assigned the case. On November 13, 2007, the preliminary hearing was continued to November 27, 2007. On November 27, 2007, an Information was filed, charging Defendant with two (2) counts of Illegal Entry - one a misdemeanor and the other charge a felony, under 8 U.S.C. § 1325. A not guilty plea was entered by the Defendant and the case was set for a disposition on December 20, 2007. On December 20, 2007, Defendant was in the hospital and the matter was continued until January 3, 2008. On January 3, 2008, it was scheduled for a motions/trial setting hearing before this Court to take place on February 4, 2008.

On January 9, 2008, a federal grand jury returned a one-count Indictment against Defendant, charging him with attempted entry after deportation, in violation of 8 U.S.C. §§ 1326(a) and (b). Defendant is to be arraigned on the Indictment on February 4, 2008, before the Court. On January 14, 2008, Defendant filed the instant motions. To date, the Government has provided 416 pages of discovery and a DVD recording of his advisal of rights and subsequent admissions. Defendant's counsel has also had an opportunity to inspect Defendant's A-File.

**II**

**STATEMENT OF FACTS**

**A.     OFFENSE CONDUCT**

1.     <u>Defendant Attempts to Enter the U.S.</u>

On October 21, 2007, at approximately 9:05 p.m., Defendant Garcia attempted to enter the United States from Mexico through the San Ysidro Port of Entry, as the passenger in a 2001 Ford Focus driven by Antonio Delgado. Defendant presented a California drivers license bearing the name "Benito Villa" to Customs & Border Protection (CBP) Officer Arambulo. Mr. Garcia told Inspector Arambulo that he was born in Los Angeles, California. Officer Arambulo suspected that Mr. Garcia was not the lawful owner or holder of the California drivers license he had presented and that Garcia had made a false

claim of U.S. citizenship. For that reason, Officer Arambulo referred Defendant, the vehicle and its other passengers to the secondary inspection area.

In secondary, CBP Officer Scott Haynes checked Defendant's fingerprints through the AFIS/IDENT computer. The computer system determined that Defendant was, in fact, Pedro Garcia nad a citizen and national of Mexico. It also indicated that Defendant had been previously removed to Mexico. Defendant was then referred to the SYS POE Enforcement team.

Due to personnel shortages and a backlog of alien smuggling cases, CBP Officer Brooks was unable to conduct further queries on Mr. Garcia until the following morning, October 22, 2007 at approximately 5:00 a.m. At that time, Officer Brooks was able to determine Defendant's immigration history as well as his past criminal record in the United States. It was found that Defendant has been previously deported from the United States to Mexico on May 2, 2001; November 9, 2000; and March 11, 2004. Immigration Service records also showed that he had neither applied for nor received the permission of the U.S. Attorney General to re-enter the U.S.

At approximately 6:30 a.m. that same morning, CBP Enforcement Officer Sergio Barron advised Defendant of his Miranda rights, as witnessed by CBP Enforcement Officer Eric Velazquez. Defendant indicated that he understood al of his rights and was willing to be questioned and make a statement without counsel being present. Officers Barron and Velazquez noted that he did not appear to be ill, intoxicated or under the influence of drugs.

Mr. Garcia admitted that he is a citizen of Mexico and not the United States. He also admitted that he had been previously deported from the U.S. to Mexico. If he had successfully entered the U.S. the night before, he told the officers, he intended to travel to Los Angeles. He stated that the other occupants of the vehicle did not know his immigration status and that he had met them in a bar in Los Angeles before having driven with them to Tijuana to go to a few bars. At that time, Defendant declined to answer any further questions. He was notified of his right to have the Mexican consulate notified of his apprehension and he requested that it be so notified.

2.  <u>Defendant's Criminal Record</u>

Records and a fingerprint comparison also revealed that Defendant had been convicted of Attempted Entry to the United States after Deportation/Removal on April 8, 2003, for which he received

1  a sentence of 18 months custody, and on October 11, 2006, for which he received a sentence of 20
2  months custody. Both convictions occurred in the U.S. District Court in Utah. On October 31, 2002,
3  he was also convicted of Illegal Possession/Use of a controlled substance, for which he received a 0-5
4  year sentence in state court.

## III

## ARGUMENT

**A.    MOTION FOR DISCOVERY**

The Government has and will continue to fully comply with its discovery obligations. To date, Defendant has been provided with 416 pages of discovery and a copy of the DVD on which his waiver of rights and subsequent statements are contained. The Government has the A-File in this case, which has already been reviewed by Defendant's counsel, and the tape recording of this deportation/removal hearings before an Immigration Judge in 2000 and 2001 have been ordered. Once those are received by Government counsel, Defendant's counsel will be notified and able to make arrangements to review that A-File. A copy of the deport tape will also be provided to Defendant. The following is the Government's response to defendant's various discovery requests.

1.    Statements of Defendant Have Been Provided

The Government will fully comply with Federal Rule of Criminal Procedure 16(a)(1)(A) by providing defendant with his statements, including any tape or digital recordings made of defendant. The Defendant made a post-Miranda statement. The Government has provided the defendant with a report containing the general substance of his statements prior to his arrest. The Government will not, however, disclose all oral statements made by the defendant to those individuals not known to be Government Agents. See United States V. Hoffman, 794 F2d. 1429, 1431 (9th Cir. 1986) (Defendant's statements need only be disclosed if made to known Government Agent). However, those oral statements which the defendant made to unknown agents will be timely disclosed prior to trial should the Government decide to use them in its case-in-chief.

//
//
//

2.    Arrest Reports, Notes and Dispatch Tapes

The Government has provided the defendant with arrest reports. The substance of relevant oral statements of the defendant are included in the reports already provided. Agent rough notes, if any exist, will be preserved, but they will not be produced as part of Rule 16 discovery.

A defendant is not entitled to rough notes because they are not "statements" within the meaning of the Jencks Act unless they comprise both a substantially verbatim narrative of a witness' assertions and they have been approved or adopted by the witness. United States v. Bobadilla-Lopez, 954 F.2d 519 (9th Cir. 1992); United States v. Spencer, 618 F.2d 605 (9th Cir. 1980); see also United States v. Griffin, 659 F.2d 932 (9th Cir. 1981).

Dispatch tapes, if they exist, will also be provided to defendant.

3.    Brady Material

The Government will comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963).

4.    Defendant's Prior Record

As noted above, Defendant has a prior criminal record. He has been supplied with all references to that conviction and subsequent arrests in reports in possession of the Government.

5.    404(b) Evidence

The Government has complied with Rule 16(a)(1)(B) in providing defendant with his known prior record as set forth in his "rap sheets" and prior deportations and/or removals. At this time, the Government may attempt to introduce evidence of his previous illegal re-entries following removals/deportations and occasions that he was found back in the U.S. following those removals/deportations, as 404(b) evidence.

6.    Evidence Seized

The Government has, and will continue to comply with Federal Rule of Criminal Procedure 16(a)(1)(C) in allowing the defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is within the possession, custody or control of the Government, and which is material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at trial, or were obtained from or belong to the defendant, including photographs.

//

The Government, however, need not produce rebuttal evidence in advance of trial. United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984), cert. denied, 474 U.S. 953 (1985).

  7. Preservation of Evidence

The Government will preserve whatever evidence was gathered in this case.

  8. Tangible Evidence

See Paragraph 6 above.

  9. Evidence of Bias or Motive to Lie

The Government will comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972). The Government knows of no bias, prejudice or other motivation to testify falsely or impairments of its witnesses, but will make appropriate disclosures if such information should become known. See Napue v. Illinois, 360 U.S. 264 (1959); Mooney v. Holohan, 294 U.S. 103 (1935).

The Government will provide defendant with any agreements made with witnesses it expects to call at trial.

  10. Impeachment Evidence

As noted above, the Government will comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972).

However, under Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976), the Government must only disclose exculpatory evidence within its possession that is material to the issue of guilt or punishment. See also United States v. Gardner, 611 F.2d 770, 774 (9th Cir. 1980).

Under Brady, the suppression by the prosecution of evidence favorable to the accused violates due process where the evidence is material to guilt or innocence. United States v. Bagley, 473 U.S. 667 (1985); Favorable evidence includes impeachment evidence. United States v. Bagley, 473 U.S. 667 (1985).

Defendants are not entitled to all evidence known or reasonable known which is or may be favorable to the accused or which pertains to the credibility of the Government's case. As stated in United States v. Gardner, 611 F.2d 770 (9th Cir. 1980):

//

> [I]n response to a request for exculpatory evidence the prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality.

Id. at 774-775.

Defendant requests the Government provide the criminal record of witnesses the Government intends to call and any information relating to a criminal investigation of a witness. Although the Government will provide conviction records, if any, which could be used to impeach a witness, the Government is under no obligation to turn over the criminal records of all witnesses. United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976), cert. denied, 429 U.S. 1074 (1977). When disclosing such information, disclosure need only extend to witnesses the Government intends to call in its case-in-chief. United States v. Gering, 716 F.2d 615, 621 (9th Cir. 1983); United States v. Angelini, 607 F.2d 1305, 1309 (9th Cir. 1979).

The Government will turn over evidence within its possession which could be used to properly impeach a witness who has been called to testify. Defendants are not entitled, however, to any and all evidence that a prospective witness is under investigation by federal, state or local authorities for misconduct.

11. Witness Addresses

The Ninth Circuit has consistently held that the Government, in a non-capital case, is not required to produce a list of witnesses in advance of trial. United States v. Dischner, 974 F.2d 1502 (9th Cir. 1992), *citing* United States v. Steel, 759 F.2d 706, 709 (9th Cir. 1985). *See also* Weatherford v. Bursey, 429 U.S. 545 (1977) (Brady does not require that the prosecution reveal before trial the names of all witnesses who will testify unfavorably).

In United States v. Jones, 612 F.2d 453 (9th Cir. 1979), cert. denied, 455 U.S. 966 (1980), the Ninth Circuit stated:

> The trial court correctly ruled that the defense had no right to pretrial discovery of information regarding informants and prospective government witnesses under the Federal Rules of Criminal Procedure, the Jencks Act, 18 U.S.C. Section 3500, or Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

//

1 | Although the law does not require the Government to disclose witnesses in this type of case, the
2 | Government will provide the defendant with a list of witnesses prior to trial.

3 |     12.    Name of Witnesses Favorable to Defendant

4 | The Government will provide defendants the name of any such witnesses should they become
5 | known to the government.  The Government will not, however, provide defendant with any reports taken
6 | from individuals interviewed at the time defendant was arrested unless those reports fall within the
7 | dictates of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) or 18 U.S.C. § 3500.
8 | Should the Government become aware of any exculpatory information contained within any of these
9 | documents **as they pertain to the defendant**, they will be provided.

10 |     13.    Statements Relevant to Defense

11 | The Government will provide defendant with any such statement should it become known to the
12 | government.

13 |     14.    Jencks Act Material

14 | The Government will comply with its obligations pursuant to the Jencks Act.

15 |     15.    Giglio Information

16 | The Government will comply with its obligations pursuant to Giglio v. United States, 405 U.S.
17 | 150 (1972).

18 |     16.    Expert Witnesses

19 | Pursuant to Rule 16(E), the Government will timely disclose all expert witnesses it expects to call
20 | at trial along with their curriculum vitae.  As of this time, the Government expects to call an employee
21 | of CBP to identify the and explain the basis for a Certificate of Non-Existence.

**B. DEFENDANT'S MOTION FOR LEAVE TO FILE FURTHER MOTIONS SHOULD BE CONDITIONALLY DENIED**

24 | The Government opposes the Court's granting leave to the defendant to file further
25 | motions absent any newly discovered evidence revealed by future discovery or a change in substantive
26 | law which would justify the filing of such a motion.

27 | //
28 | //

## IV

## **GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY**

To date, as noted above, the United States has provided Defendant with 416 pages of discovery. The United States will continue to comply with all of its discovery obligations as additional reports and/or other discoverable material becomes available.

The Government moves the Court to order Defendants to provide all reciprocal discovery to which the United States is entitled under Rules 16(b) and 26.2. Rule 16(b)(2) requires Defendants to disclose to the United States all exhibits and documents which Defendants "intend to introduce as evidence in chief at the trial" and a written summary of the names, anticipated testimony, and bases for opinions of experts the defendants intend to call at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.

## V

## **CONCLUSION**

The Defendant's motions should be granted and denied as noted in the above discussion and the Government's motion for reciprocal discovery should be granted.

DATED: February 1, 2008.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ *David L. Katz*
DAVID L. KATZ
Assistant United States Attorney
Email: David.Katz@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08CR0063-LAB |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | CERTIFICATE OF SERVICE |
| PEDRO GARCIA, | ) | |
| | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, DAVID L. KATZ, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of the **GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO: (1) COMPEL DISCOVERY; (2) SUPPRESSION OF STATEMENTS; and (3) GRANT LEAVE TO FILE FURTHER MOTIONS. TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF POINTS AND AUTHORITIES, AND GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Carey D. Gorden, Esq.

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

N/A

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 1, 2008.

s/*David L. Katz*
DAVID L. KATZ
Assistant United States Attorney