# EXHIBIT H

Page 2 of 4

Westlaw.

2007 WL 1492143 (BIA)                                                           Page 1


2007 WL 1492143 (BIA)

** THIS IS AN UNPUBLISHED DECISION THAT CANNOT BE CITED **

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

IN RE: JOSE ANTONIO BERNAL-RODRIGUEZ

File: A91 044 916 - San Antonio

May 15, 2007

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Pro se

ON BEHALF OF DHS:

Clay N. Martin
Assistant Chief Counsel

CHARGE:

Notice: Sec. 237(a)(2)(B)(i), I&N Act [8 U.S.C. § 1227(a)(2)(B)(i)] - Convicted of
controlled substance violation

APPLICATION: Reinstatement of proceedings

The Department of Homeland Security (the DHS) appeals from the Immigration Judge's
December 13, 2006, decision. In the decision the Immigration Judge determined
that, by reason of the respondent's two convictions for criminal possession of a
controlled substance, in 1997 and in 2004, he was removable for having been con-
victed of a controlled substance violation under section 237(a)(2)(B)(i) of the
Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(B)(i). After fiding the re-
spondent eligible for cancellation of removal under section 240A(a) of the Act, 8
U.S.C. § 1229b(a), the Immigration Judge granted his application as a matter of
discretion, and terminated proceedings. The appeal will be sustained, the Immigra-
tion Judge's decision will be vacated in part, and the respondent will be ordered
removed as charged.

The Board reviews findings of facts by an Immigration Judge, including those as to

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Page 3 of 4

the credibility of testimony, to determine whether the findings are "clearly erro-
neous." 8 C.F.R. § 1003.1(d)(3)(i).[FN1] The Board may review all questions of
law, discretion, and judgment and all other issues on appeal from decisions of the
Immigration Judge "*de novo.*" 8 C.F.R. § 1003.1(d)(3)(iii).

The current record shows that the respondent, on May 8, 1997, was convicted, pur-
suant to a plea of guilty, in the Atascosa County Court, Texas, for the offense of
possession of marihuana, and was placed on probation. Some 11 months later, the
respondent's probation was revoked and he was ordered confined to the county jail
for 150 days. On October 22, 2004, he was convicted, pursuant to a plea of *nolo
contendere*, in the Bexar County Court, Texas, for the offense of possession of
marihuana (Gp. Exh. 2).

On appeal, the DHS challenges the Immigration Judge's determination that, on the
basis of the respondent's 1997 and 2004 convictions, he remains eligible to seek
cancellation of removal under section 240A(a) of the Act. Citing to the recently
issued Supreme Court decision in *Lopez v. Gonzales*, 127 S. Ct. 625 (2006)(holding
that a state offense constitutes a "felony punishable under the Controlled Sub-
stances Act" only if it proscribes conduct punishable as a felony under that fed-
eral law), the DHS urges that the proceedings be reopened as the respondent's 2004
crime qualifies as a drug-trafficking aggravated felony under section
101(a)(43)(B) of the Act, 8 U.S.C. § 1101 (a)(43)(B). The DHS specifically argues
that the second misdemeanor conviction was punishable as a felony under the recid-
ivist provision of 21 U.S.C. § 844(a) of the Controlled Substances Act.

Under 21 U.S.C. § 844(a), an offense involving the simple possession of a con-
trolled substance is punishable by up to 2 years' imprisonment if committed after
a prior drug conviction became final A drug offense is a "felony" under the Con-
trolled Substances Act if it is punishable by a term of imprisonment of more than
1 year. 21 U.S.C. § 802(13), (44); 18 U.S.C. § 3559(a). Pursuant to *Lopez v.
Gonzales*, *supra*, the respondent's latter conviction therefore qualifies as a "drug
trafficking crime" under 18 U.S.C. § 924(c)(2) and, by extension, an aggravated
felony under section 101 (a)(43)(B) of the Act, as it would be analogous to an of-
fense punishable as a felony under the Federal drug laws. Accordingly, as the re-
spondent hypothetically could have been punished for a felony under the recidivist
possession portion of 21 U.S.C. § 844(a), the record reflects that he has been
convicted of an aggravated felony.

The only decision of which we are aware to have addressed this question subsequent
to *Lopez v. Gonzales*, *supra*, supports this view. In *United States v.
Castro-Coello*, 474 F.Supp.2d 853 (S.D. Tex. 2007), a sentence enhancement case,
the court considered the question of whether multiple misdemeanor drug possession
convictions can be aggravated felonies under the Controlled Substances Act due to
the fact that a defendant is a repeat offender. After citing to the Fifth Cir-
cuit's recent conclusion in *United States v. Estrada-Mendoza*, 475 F.3d 258, 261
(5th Cir. 2007), that "*Lopez* applies with equal force for immigration and criminal

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Page 4 of 4

2007 WL 1492143 (BIA)                                                                                              Page 3

cases," the court observed that "the *Lopez* court clearly, albeit in dicta, in-
structed that any person who can be punished hypothetically for a felony under the
recidivist possession portion of 21 U.S.C. § 844(a) is subject to being labeled an
aggravated felon, as defined by Congress." *Id.* at 858.[FN2]

Consequently, we find that the respondent's aggravated felony conviction renders
him statutorily ineligible for cancellation of removal under section 240A(a) of
the Act. *See* section 240A(a)(3) of the Act, 8 U.S.C. § 1229b(a)(3). As he is stat-
utorily ineligible for cancellation of removal, we need not determine whether the
Immigration Judge erred in granting him that form of relief in the exercise of
discretion. The respondent has not requested any other form of relief from remov-
al. Therefore, the DHS' appeal will be sustained, the removal proceedings will be
reinstated, the Immigration Judge's decision granting the respondent's application
for cancellation of removal will be vacated, and we will order that he be removed
to Mexico.

The following orders shall be issued.

ORDER: The DHS' appeal is sustained.

FURTHER ORDER: The removal proceedings are reinstated, the Immigration Judge's de-
cision granting cancellation of removal under section 240A(a) of the Act is va-
cated, and the respondent is ordered removed to Mexico.

Roger A. Pauley
FOR THE BOARD

FN1. This regulation applies to a Notice of Appeal filed after September 25, 2002.
*See* 8 C.F.R. § 1003.3(f); *Matter of S-H-*, 23 I&N Dec. 462 (BIA 2002).

FN2. We disagree that the Supreme Court's statements in this regard were dicta as
they were an integral part of its holding that what controls is not whether the
State punishes the conduct as a felony but whether the offense, if prosecuted fed-
erally, would be a felony.

2007 WL 1492143 (BIA)
END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.