# EXHIBIT I

Westlaw.

2007 WL 1538435 (C.A.10)  Page 1
(Cite as: 2007 WL 1538435)

For Opinion See 2007 WL 3047332

United States Court of Appeals, Tenth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Adrian PLASCENCIA-GOMEZ, Defendant-Appellant.
No. 06-3343.
April 10, 2007.

On Appeal from the United States District Court for the District of Kansas the Honorable Wesley E. Brown, Senior U.S. District Judge D.C. No. 06-10095-01-WEB

Brief of Appellee

Eric F. Melgren, United States Attorney, Brent I. Anderson, Assistant United States Attorney, District of Kansas, 301 N. Main, Suite 1200, Wichita, Kansas 64202, Phone: 316-269-6481, Kan. Sup. Ct. No. 11611, Attorney for Plaintiff-Appellee.

*ii *TABLE OF CONTENTS*

TABLE OF AUTHORITIES ... iv

PRIOR OR RELATED APPEALS ... vi

STATEMENT OF THE CASE ... 1

STATEMENT OF ISSUE PRESENTED FOR REVIEW ... 1

STATEMENT OF FACTS ... 2

SUMMARY OF ARGUMENT ... 4

ARGUMENT AND AUTHORITIES ... 5

I. THE DEFENDANT'S SECOND-OFFENSE STATE COURT FELONY CONVICTION FOR POSSESSION OF COCAINE COULD HAVE BEEN PROSECUTED UNDER THE RECIDIVIST PROVISIONS OF 21 U.S.C. § 844(a), THEREFORE, IT WAS AN "AGGRAVATED FELONY" AS DEFINED BY 8 U.S.C. § 1101(a)(43)(B) ... 5

  Issue Raised and Ruled On ... 5

  Standard of Review ... 6

  Discussion ... 6

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2007 WL 1538435 (C.A.10)  Page 2
(Cite as: 2007 WL 1538435)

CONCLUSION ... 11

STATEMENT REGARDING ORAL ARGUMENT ... 12

CERTIFICATE OF SERVICE ... 13

ATTACHMENTS -

A - Judgment in a Criminal Case

B - Memorandum and Order, dated 9/12/2006

C - Transcript of Sentencing Hearing

D - Kansas State Court Case, #01CR2550

*iii TABLE OF AUTHORITIES

Cases

*Lopez v. Gonzalez,* 127 S.Ct. 625 (2006) ... 1, 2-4, 6-10

*Steele v Blackman,* 236 F.3d 130 (3rd Cir. 2001) ... 10

*Toledo-Flores v. United States,* 126 S.Ct. 1652 (2006) ... 2

*United States v. Cabrera-Sosa,* 81 F.3d 998, 1 000 (10th Cir. 1996) ... 2

*United States v. Castro-Coello et al.,* ___ F.Supp.2d ___, 2007 WL 397496 (S.D. Tex. 2007) ... 10

*United States v. Castro-Portillo,* 2007 WL 10761 (10th Cir. 2007) ... 5

*United States v. Irby,* 240 F.3d 597, 59 8 (7th Cir. 200 1) ... 10

*United States v. Kristl,* 437 F.3d 1050, 1055 (10th Cir. 2006) ... 6

*United States v. Marshall,* 910 F.2d 1241, 1245 (5th Cir. 1990) ... 10

*United States v. Williams,* 59 F.3d 1180, 1185 (11th Cir. 1995) ... 11

*iv Statutes

8 U.S.C. § 1101(a)(43)(B) ... 1, 2, 5, 7, 11

8 U.S.C. § 1326(a) ... 1, 2

8 U.S.C. § 1326(d) ... 6

18 U.S.C. § 924(c)(2) ... 7

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2007 WL 1538435 (C.A.10)  Page 3
(Cite as: 2007 WL 1538435)

18 U.S.C. § 3559(a) ... 9

21 U.S.C. § 844(a) ... 1, 4, 5, 7, 9, 11

21 U.S.C. § 851(a) ... 4-8, 10, 11

K.S.A. 65-4160(b) ... 5, 9

*United States Sentencing Guidelines*

U.S.S.G. §2L1.2 ... 6

U.S.S.G. §2L1.2(b)(1)(C) ... 2, 5, 7, 12

*Other Authorities*

INA § 101(a)(43)(B) ... 2, 4, 6, 7

PRIOR OR RELATED APPEALS

There are no prior or related appeals.

STATEMENT OF THE CASE

This is the defendant's direct appeal of the sentence imposed after his plea of guilty to re-entry after deportation in violation of 8 U.S.C. § 1326(a). The defendant's sentence was enhanced as an "aggravated felony" based on a prior state court felony conviction for possession of cocaine. The defendant reserved his right to appeal an "aggravated felony" finding because the case *of Lopez v. Gonzalez,* 127 S.Ct. 625 (2006), was pending and might be decided in a way favorable to him. It was, and the United States agreed to remand, but this Court noted that the defendant appeared to have a second state court felony conviction for possession of cocaine that, under *Lopez,* might justify the "aggravated felony" enhancement applied by the district court. Accordingly, it directed the parties to go forward with briefing.

STATEMENT OF ISSUE PRESENTED FOR REVIEW

I. WHETHER THE DEFENDANT'S SECOND-OFFENSE STATE COURT FELONY CONVICTION FOR POSSESSION OF COCAINE COULD HAVE BEEN PROSECUTED UNDER THE RECIDIVIST PROVISIONS OF 21 U.S.C. § 844(a), THEREBY MAKING IT AN "AGGRAVATED FELONY" AS DEFINED BY 8 U.S.C. § 1101(a)(43)(B).

STATEMENT OF FACTS

This is a re-entry after deportation case. On June 6, 2006, the defendant pled guilty to a one-count indictment alleging a violation of 8 U.S.C. § 1326(a). (Vol. I, Doc. 12.) The guilty plea was pursuant to a plea agreement in which the defendant generally waived his appellate rights with the exception that he could appeal

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

whether his underlying state court felony possession of cocaine convictions were "aggravated felonies" as defined by Section 101 (a)(43)(B) of the Immigration and Nationality Act (INA) and codified at 8 U.S.C. 1101(a)(43)(B). (*Id.,* Doc. 10, ¶ 8, at 5-6.) He specifically did so because the *Lopez v. Gonzales* and *Toledo-Flores v. United States* (*cert.* granted at 126 S.Ct. 1652) cases were pending before the Supreme Court at the time and he wanted to preserve his opportunity to benefit from a favorable decision, were one entered.

At sentencing, the district court noted the cases were pending but, as one would expect, followed the Tenth Circuit precedent of *United States v. Cabrera-Sosa,* 81 F.3d 998, 1000 (10th Cir. 1996). Accordingly, the district court applied the eight-level specific offense characteristic of §2L1.2(b)(1)(C) because *Cabrera-Sosa* held that a state court felony conviction was an "aggravated felony" as defined by the INA. (*Id.,* Doc. 13 [Attach. B]; Vol. II, at 3 [Attach. C].) That resulted in an adjusted offense level of 16, reduced by three levels for acceptance of responsibility, leaving a total offense level of 13, which at criminal history category IV, resulted in a Guidelines range of 24 to 30 months. (Vol. IV [sealed], at 5-6, 10.) On September 11, 2006, the district court sentenced the defendant to 24 months in prison. (Vol. I, Doc. 14; Attach. A.)

On September 22, 2006, the defendant filed a timely notice of appeal, and on December 5, 2006, the Supreme Court rendered its *Lopez* decision, holding that a first offense state court felony drug conviction that is a misdemeanor under federal law is not an "aggravated felony" as defined by the INA. See *Lopez,* 127 S.Ct. at 633.

The parties, thinking the eight-level enhancement had been applied contrary to the subsequent holding in *Lopez,* attempted to obtain summary remand herein, but, wisely, this Court ordered briefing to continue, apparently noting that the defendant had a second state court felony conviction (which the United States had interpreted in an initial version of the Presentence Investigation Report [PIR] to be a municipal court misdemeanor conviction) and that the second conviction might be an INA "aggravated felony" after all. The government argues in this brief that the defendant's second state court felony conviction does, in fact, constitute "conduct punishable" as a felony under federal law.

SUMMARY OF ARGUMENT

The defendant's second state court felony conviction for possession of cocaine involved "*conduct punishable* as a felony under federal law," *Lopez,* 127 S.Ct. at 633 (emphasis added), because the defendant could have been prosecuted for that conduct pursuant to the recidivist provisions of 21 U.S.C. § 844(a). To do so, there is no question the United States would have had to have filed the "sentencing information" required by 21 U.S.C. § 851(a), but because the *Lopez* decision focuses on conduct rather than procedure, and a hypothetical crime as opposed to an actual prosecution, it is not necessary that the state court conviction incorporate a

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2007 WL 1538435 (C.A.10)  Page 5
(Cite as: 2007 WL 1538435)

similar notice scheme. It is enough that the defendant was subject to federal prosecution for felony possession of cocaine.

The defendant argues that no such federal felony prosecution was possible because the procedural requirements of 21 U.S.C. § 851(a) necessary to trigger the recidivist maximum sentence of at least two years (and making the second offense a federal felony) were not met. That argument fails for two reasons. First, neither *Lopez* nor § 101(a)(43)(B) either explicitly or implicitly impose such a requirement. In fact, the *Lopez* decision implies that the offense only be "punishable" as a federal felony to meet the unique INA definition of "aggravated felony," not necessarily *punished* as a federal offense. Second, contrary to the defendant's analysis, it appears that the state court felony possession of cocaine charge to which the defendant pled guilty actually met the recidivist notice requirements the defendant claims were not. Both the state court charging instrument (Attach. D at 3) and the state court Journal Entry of Judgment (*id.* at 8) make specific reference to "possession of cocaine after prior conviction," putting the defendant on notice that he faced increased felony penalties as a result of his prior conviction. That is precisely the purpose of 21 U.S.C. § 851(a). *See, eg., United States v. Castro-Portillo,* 2007 WL 10761 (10th Cir. 2007). The defendant's reliance on an intervening change of the state statute (K.S.A. 65-4160[b]) between when the defendant was charged and when he was sentenced as the reason he didn't have sufficient notice of the recidivist penalty appears irrelevant.

ARGUMENT AND AUTHORITIES

I. THE DEFENDANT'S SECOND-OFFENSE STATE COURT FELONY CONVICTION FOR POSSESSION OF COCAINE COULD HAVE BEEN PROSECUTED UNDER THE RECIDIVIST PROVISIONS OF 21 U.S.C. § 844(a), THEREFORE, IT WAS AN "AGGRAVATED FELONY" AS DEFINED BY 8 U.S.C. § 1101(a)(43)(B).

*Issue Raised and Ruled On*

Following Tenth Circuit precedent and over the defendant's objection, the district court applied the eight-level "aggravated felony" enhancement of *6USSG § 2L1.2(b)(1)(C) based on the defendant's underlying state court felony for possession of cocaine. (Vol. I, Doc. 13; Attach. B; Vol. II, at 2-3.)

*Standard of Review*

Review of a district court's legal conclusions in applying the sentencing Guidelines is *de novo. United States v. Kristl,* 437 F.3d 1050, 1055 (10th Cir. 2006).

*Discussion*

Though the defendant's appeal came about as a result of the *Lopez v. Gonzalez,* 127 S.Ct. 625 (2006)[FN1] decision, the focus of his appeal is revealing. The key

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2007 WL 1538435 (C.A.10)  Page 6
(Cite as: 2007 WL 1538435)

holding of *Lopez* is "that a state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law." 127 S.Ct. at 633. However, the defendant readily acknowledges that because he has *two* prior state court felony possession of cocaine convictions, the second conviction *could* meet the definition of "aggravated felony" pursuant to INA § 101(a)(43)(B), but only if the state court prosecution mirrored the "sentencing information" requirements of 21 U.S.C. § 851(a) in its recidivist prosecution. (Aplt. Br. at 12-13.)

> FN1. The *Lopez* case involves a civil immigration appeal, but its holding impacts criminal re-entry after deportation cases because both the criminal re-entry statute and the sentencing Guidelines contain civil immigration components. See 8 U.S.C. § 1326(d); USSG §2L1.2, comment (n.3[a]); *Lopez,* 127 S.Ct. at 633.

**\*7** That focus reveals the tenuousness of the defendant's position. He sees that the only way he can avoid "aggravated felony" exposure under §2L1.2(b)(1)(C) of the Guidelines is for this Court to overlay the federal recidivist procedure of 21 U.S.C. § 851 to state court recidivist convictions. If he is successful in doing so, a second or subsequent state court felony drug possession offense would rarely, if ever, qualify as a federal felony even though some federal drug statutes, such as 21 U.S.C. § 844(a) (possession of cocaine), make second offense conviction for possession of cocaine a federal felony. It would, effectively, render the phrase "in violation of... state law" in INA § 101(a)(43)(B) meaningless.

Nonetheless, the defendant faces an uphill battle in his quest, because neither the INA, nor *Lopez,* nor any contorted reading of either or both support that conclusion. To the contrary, they appear to explicitly preclude such a conclusion.

In footnote 6 of *Lopez,* the Supreme Court makes clear that a second offense state court felony possession of cocaine meets the INA definition of "aggravated felony": Of course, we must acknowledge that Congress did counterintuitively define some possession offenses as "illicit trafficking." Those state possession crimes that correspond to felony violations of one of the three statutes enumerated in § 924(c)(2), such as possession of cocaine base and recidivist possession, see 21 U.S.C. § 844(a), clearly fall within the definitions used by Congress in 8 U.S.C. § 1101(a)(43)(B) and 18 U.S.C. § 924(c)(2), regardless of whether these federal possession **\*8** felonies or their state counterparts constitute "illicit trafficking in a controlled substance" or "drug trafficking" as those terms are used in ordinary speech. But this coerced inclusion of a few possession offenses in the definition of "illicit trafficking" does not call for reading the statute to cover others for which there is no clear statutory command to override ordinary meaning.

*Lopez,* 127 S.Ct. at 630 n.6. Consider that footnote in the context of the holding of the case, that a state offense can constitute an "aggravated felony" under the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2007 WL 1538435 (C.A.10)  
(Cite as: 2007 WL 1538435)

Page 7

Controlled Substances Act (CSA) "only if it proscribes *conduct punishable* as a felony under that federal law." *Lopez,* 127 St.Ct. at 633 (emphasis again added.) The Supreme Court's focus is on conduct, not procedure, and on possible punishment, not actual punishment. In fact, in his dissent, Judge Thomas criticizes what he describes as the majority's "hypothetical approach," meaning that the conduct could have been prosecuted as a federal felony, not that it would have been. 127 S.Ct. at 636.

If there were any doubt about the majority's intention to focus on "conduct punishable" as opposed to "procedure for punishment," it is erased when it makes the point that some misdemeanor state court drug possession offenses, *post-Lopez,* can be "aggravated felonies." *Id.* at 633. Surely the defendant doesn't think the Supreme Court is talking about only those state court misdemeanor prosecutions that were preceded by the equivalent of the recidivist warning contained in § 851 (a). But that is his argument.

**\*9** There appears to be little dispute that the conduct proscribed by the Kansas recidivist statute under which the defendant was convicted, K.S.A. 65-4160(b), "possession of cocaine after prior conviction" (Attach. D at 3, 8) is "conduct punishable" as a felony under 21 U.S.C. § 844(a), which provides, in relevant part, "[I]f he commits such offense (the knowing and intentional possession of a controlled substance) after a prior conviction under this subchapter or subchapter II of this chapter, or a prior conviction for any drug, narcotic or chemical offense chargeable under the law of any State, has become final, he shall be sentenced to a term of imprisonment for not less than 15 days but not more than 2 years ...."

The conduct is punishable as a "felony" because it is an offense for which the maximum term of imprisonment is more than one year. 18 U.S.C. § 3559(a); *Lopez,* 127 S.Ct. at 630 n.4, 631 n.7. Therefore, in Mr. Plascencia's case, because he engaged in "conduct punishable" as a felony under the recidivist provisions of § 844(a), after his first conviction became final, as verified in the underlying court documents (Attach. D) and PIR, ¶¶ 29, 30, uncontested by the defendant, for which he was convicted of a second state court felony, the conviction proves he engaged in "conduct punishable" as a felony under the CSA. As such, the second conviction meets the definition of "aggravated felony" under the INA, and the eight-level enhancement applies.

**\*10** Although the United States could find no appellate court decision as yet addressing the defendant's issue, a Southern District of Texas opinion from Judge Hanen addresses this precise issue. *United States v. Castro-Coello et al.,* ___ F.Supp.2d ___, 2007 WL 397496 (S.D. Tex. 2007). Writes Judge Hanen: The Supreme Court gives no indication that the United States must prosecute the case or give the notice, which would have been necessary in an analogous felony prosecution - only that it hypothetically could have. The Supreme Court's conclusion explicitly focuses on "conduct punishable" rather than the procedure. (Citing

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

*Lopez,* 127 S.Ct. at 633.) The court focuses the analysis on the "conduct" the state law "proscribes," not the procedure under which it could be enforced.

*Id.* at 6. Judge Hanen acknowledged the same Third Circuit case, *Steele v Blackman,* 236 F.3d 130 (3rd Cir. 2001), relied upon by this defendant in reaching the conclusion that unless the § 851 notice procedure is present in the underlying conviction, the defendant cannot be subject to punishment reserved for felonious conduct.

However, Judge Hanen rejects the *Steele* reasoning, not only for reasons already argued by the United States above, but for the additional reason that the defendants' convictions for the cases at hand are for re-entry after deportation, not for drug offenses, and in the Fifth and Seventh Circuits, in analogous circumstances, sentencing informations are not required for enhancements to apply under the sentencing Guidelines. (*Id.* at 7 (citing *United States v. Marshall,* 910 F.2d 1241, 1245 [5th Cir. 1990] and *United States v. Irby,* 240 F.3d 597, 598 [7th Cir. 2001]).

**\*11** Finally, the United States isn't so sure the defendant *wasn't* given the equivalent notice of § 851 (a) in the course of his second state court possession of cocaine conviction. Both convictions were for felonies, and the defendant's second state court conviction (and the statute under which he was charged and convicted) made specific reference to the prior conviction (thereby invoking a recidivist penalty). (Attach. D at 3, 8.) The defendant attempts to get around this difficulty by stating that the state statute under which the defendant was convicted was later amended (prior to the defendant's sentencing in the second offense case) to remove reference to the prior conviction, but the United States is at a loss to see how that is relevant to the defendant's conviction and sentence (which includes the recidivist language). The record establishes without question that the defendant was put on notice, before he pled guilty, that he was being charged as a recidivist. That is precisely the purpose and effect of § 851. *See United States v. Williams,* 59 F.3d 1180, 1185 (11th Cir. 1995).

CONCLUSION

Because the defendant's conduct that resulted in a second offense felony state court conviction for possession of cocaine was punishable as a felony under 21 U.S.C. § 844(a) of the federal Controlled Substances Act, that conviction meets the unique definition of "aggravated felony" at 8 U.S.C. § 1101(a)(43)(B), and therefore **\*12** the eight-level enhancement of USSG §2L1.2(b)(1)(C) was properly applied by the district court. The 24-month prison sentence imposed by the district court should be affirmed.

STATEMENT REGARDING ORAL ARGUMENT

The United States joins the defendant's request for oral argument because this appears to be an issue of first impression and it is likely that other circuits will

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2007 WL 1538435 (C.A.10)  
**(Cite as: 2007 WL 1538435)**

Page 9

address the issue in the coming months.

Appendix not available..

UNITED STATES OF AMERICA, Plaintiff-Appellee, v. Adrian PLASCENCIA-GOMEZ, Defendant-Appellant.
2007 WL 1538435 (C.A.10)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.