# EXHIBIT J

Westlaw.

238 Fed.Appx. 278                                                                                                                  Page 1
238 Fed.Appx. 278, 2007 WL 1879638 (C.A.9 (Cal.))
**(Cite as: 238 Fed.Appx. 278)**

U.S. v. Cervantes-Gonzales
C.A.9 (Cal.),2007.
This case was not selected for publication in the Federal Reporter.Not for Publication in West's Federal Reporter See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Ninth Circuit Rule 36-3. (Find CTA9 Rule 36-3)
United States Court of Appeals,Ninth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan CERVANTES-GONZALES, a.k.a.; Juan Cervantes, Defendant-Appellant.
No. 06-50385.

Argued and Submitted June 5, 2007.[FN*]

FN* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).
Filed June 28, 2007.

**Background:** Defendant was convicted in the United States District Court for the Southern District of California, Roger T. Benitez, J., of illegal reentry following removal, and was sentenced to 100 months' imprisonment. Defendant appealed.

**Holdings:** The Court of Appeals held that:

(1) defendant's waiver of administrative appeal in predicate removal proceedings was invalid, and

(2) instant indictment was subject to dismissal.

Reversed and remanded with instructions.

West Headnotes

**[1] Aliens, Immigration, and Citizenship 24 ☞ 352**

24 Aliens, Immigration, and Citizenship
  24V Denial of Admission and Removal
    24V(E) Administrative Procedure
      24k351 Administrative Review
        24k352 k. In General. Most Cited Cases

**Constitutional Law 92 ☞ 4438**

92 Constitutional Law
  92XXVII Due Process
    92XXVII(G) Particular Issues and Applications
      92XXVII(G)20 Aliens, Immigration, and Citizenship
        92k4438 k. Admission and Exclusion. Most Cited Cases
Alien's waiver of administrative appeal in removal proceedings was invalid, rendering removal order itself invalid, where immigration judge (IJ) erroneously informed alien that he was ineligible for cancellation of removal on grounds that California second-degree burglary conviction forming basis of removal order amounted to aggravated felony, such conviction was sole basis for removal order, and IJ's error deprived alien of meaningful opportunity to apply for relief from removal, in violation of alien's right to due process. U.S.C.A. Const.Amend. 5; West's Ann.Cal.Penal Code § 459.

**[2] Indictment and Information 210 ☞ 144.1(1)**

210 Indictment and Information
  210IX Motion to Dismiss
    210k144.1 Grounds
      210k144.1(1) k. In General. Most Cited Cases
Indictment charging defendant with illegal reentry following removal was subject to dismissal, where underlying order of removal was issued in violation of defendant's right to due process and was therefore invalid. U.S.C.A. Const.Amend. 5; Immigration and Nationality Act, § 276, 8 U.S.C.A. § 1326.

*278 Christopher A. Ott, Esq., USSD-Office of the U.S. Attorney, San Diego, CA, for Plaintiff-Ap-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

238 Fed.Appx. 278  
238 Fed.Appx. 278, 2007 WL 1879638 (C.A.9 (Cal.))  
**(Cite as: 238 Fed.Appx. 278)**

Page 2

pellee.  
John C. Lemon, Esq., FDSD-Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant-Appellant.

Appeal from the United States District Court for the Southern District of California; Roger T. Benitez, District Judge, Presiding. D.C. No. CR-04-02772-BEN.

Before: THOMAS, WARDLAW, and GOULD, Circuit Judges.

MEMORANDUM [FN**]

> FN** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**1 Juan Cervantes-Gonzales appeals his conviction and 100-month sentence for violation *279 of 8 U.S.C. § 1326.[FN1] We have jurisdiction pursuant to 28 U.S.C. § 1291.[FN2]

> FN1. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

> FN2. We review de novo the denial of a motion to dismiss an 8 U.S.C. § 1326 indictment when the motion alleges due process defects in the underlying deportation proceeding. *See United States v. Muro-Inclan,* 249 F.3d 1180, 1182 (9th Cir.2001); *see also United States v. Garcia-Martinez,* 228 F.3d 956, 960 (9th Cir.2000).

Cervantes-Gonzales is a twenty-nine-year-old native of Mexico who became a legal permanent resident of the United States in 1989. In March of 1998, Cervantes-Gonzales received a Notice to Appear stating that he was removable from the United States as a result of having been convicted in California Superior Court of Burglary of a Vehicle, in violation of California Penal Code section 459. On April 21, 1998, Cervantes-Gonzales was found to be deportable by an Immigration Judge ("IJ") based on his section 459 conviction for second degree burglary. The IJ further found that Cervantes-Gonzales was not eligible for any relief from removal and ordered him deported. Cervantes-Gonzales waived his right to appeal the IJ's order and was physically removed to Mexico.

On September 9, 2004, Cervantes-Gonzales was arrested by the Escondido, California police for misdemeanor possession of burglary tools in violation of California Penal Code section 466 and misdemeanor resisting arrest in violation of section 148(a). Cervantes-Gonzales was released into federal custody based on a Department of Homeland Security immigration detainer and charged with violating 8 U.S.C. § 1326 after Immigration and Customs Enforcement officers confirmed that he was a Mexican citizen who had been deported on previous occasions. Before trial, the district court denied Cervantes-Gonzales's motion to dismiss the indictment for lack of a prior legal deportation. Then, after a two-day jury trial, Cervantes-Gonzales was convicted of being a deported alien found in the United States in violation of 8 U.S.C. § 1326.

[1] We conclude that the district court erred in denying Cervantes-Gonzales's motion to dismiss the indictment because the underlying order of deportation was invalid. We therefore reverse the conviction and sentence without reaching the merits of Cervantes-Gonzales's additional objections.

To successfully challenge the validity of a prior deportation order, a defendant must demonstrate: (1) exhaustion of administrative remedies; (2) improper deprivation of judicial review at the deportation proceeding; and (3) prejudice. 8 U.S.C. § 1326(d); *see also United States v. Ortiz-Lopez,* 385 F.3d 1202, 1203-04 (9th Cir.2004). A defendant need not however, satisfy § 1326(d)(1)'s exhaustion requirement if his waiver of an administrative appeal was invalid. *Muro-Inclan,* 249 F.3d at 1183 (citing *United States v. Garza-Sanchez,* 217 F.3d

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

238 Fed.Appx. 278  
238 Fed.Appx. 278, 2007 WL 1879638 (C.A.9 (Cal.))  
**(Cite as: 238 Fed.Appx. 278)**

Page 3

806, 808 (9th Cir.2000)). A waiver of the right to appeal a removal order entered by an IJ is invalid when the waiver was not "considered and intelligent," and will not serve as a bar to our collateral review of the underlying deportation proceeding. *Id.*

Due process requires IJs to inform individuals in removal proceedings of their eligibility for any form of relief. *See, e.g., United States v. Ubaldo-Figueroa,* 364 F.3d 1042, 1050 (9th Cir.2004) ("The requirement that the IJ inform an alien of his or her ability to apply for relief from removal is mandatory, and failure to so *280 inform the alien of his or her eligibility for relief from removal is a denial of due process that invalidates the underlying deportation proceeding.") (internal quotation marks and brackets omitted); *see also United States v. Gonzalez-Valerio,* 342 F.3d 1051, 1054 (9th Cir.2003) ("The duty of the IJ to inform an alien of his eligibility for relief is mandatory, and the failure to do so constitutes a violation of the alien's due process rights."). Failure to so advise an alien of eligibility for any relief renders any waiver of appeal invalid because the waiver was not "considered and intelligent." *See United States v. Gonzalez,* 429 F.3d 1252, 1256 (9th Cir.2005) ("A waiver is not considered and intelligent when the record contains an inference that the petitioner is eligible for relief from deportation, but the IJ fails to advise ... of this possibility and [to provide an] opportunity to develop the issue."); *see also United States v. Arrieta,* 224 F.3d 1076, 1079 (9th Cir.2000) (Holding that a waiver is not "considered and intelligent" when "the record contains an inference that the petitioner is eligible for relief from deportation ...'[but the IJ fails to] advise the alien of this possibility and give him the opportunity to develop the issue.'") (quoting *Moran-Enriquez v. INS,* 884 F.2d 420, 422-23 (9th Cir.1989)).

**\*\*2** Cervantes-Gonzales argues that the IJ should have informed him that he could seek cancellation of removal relief under INA § 240A because he would have qualified if his second degree burglary conviction under California Penal Code section 459 does not qualify as an aggravated felony. In *Ye v. INS,* 214 F.3d 1128, 1134 (9th Cir.2000), we held that California Penal Code section 459 does not qualify as an aggravated felony. The government's argument that we should not apply our decision in *Ye* to Cervantes-Gonzales because the case was decided several years after Cervantes-Gonzales's deportation proceeding is unavailing and contrary to our precedent. *See United States v. Camacho-Lopez,* 450 F.3d 928, 929-30 (9th Cir.2006) (applying a subsequent decision during collateral review of the underlying deportation proceeding following a § 1326 conviction); *cf. United States v. Pallares-Galan,* 359 F.3d 1088 (9th Cir.2004) (determining in the first instance whether violation constituted an aggravated felony for § 1326 conviction). Because *Ye's* substantive interpretation that California Penal Code section 459 did not constitute an aggravated felony in 2000 applied to Cervantes-Gonzales's 1998 deportation proceedings, the "IJ erroneously advised [Cervantes-Gonzales] that he was ineligible for discretionary relief when the IJ ... characterized [his] conviction as an aggravated felony." *See id.* Consequently, Cervantes-Gonzales's waiver of his right to appeal the deportation order was not considered and intelligent, and was therefore invalid. The exhaustion and deprivation requirements in § 1326(d) are therefore satisfied. *See Ortiz-Lopez,* 385 F.3d at 1204.

To satisfy the final requirement, prejudice, Cervantes-Gonzales must show only "that he had a plausible ground for relief from deportation." *Ubaldo-Figueroa,* 364 F.3d at 1050 (internal quotation marks omitted). Prejudice occurs in a deportation proceeding when "an alien's rights are violated 'in a manner so as potentially to affect the outcome of the proceedings.'" *Campos-Sanchez v. INS,* 164 F.3d 448, 450 (9th Cir.1999) (quoting *United States v. Cerda-Pena,* 799 F.2d 1374, 1379 (9th Cir.1986)). Here, the IJ's failure to inform and allow a meaningful opportunity to apply for cancellation of removal relief under INA § 240A "

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

238 Fed.Appx. 278  
238 Fed.Appx. 278, 2007 WL 1879638 (C.A.9 (Cal.))  
**(Cite as: 238 Fed.Appx. 278)**

Page 4

'potentially ... affect[ed] the outcome of [Cervantes-Gonzales's deportation] proceedings,' " *id.,* because Cervantes-Gonzales might have applied for **\*281** and received this relief rather than conceding deportability. Cervantes-Gonzales had a plausible claim for cancellation of removal relief under INA § 240A and so was prejudiced by the IJ's failure to tell him about it. *See Ubaldo-Figueroa,* 364 F.3d at 1050-51 (concluding that because "*Ubaldo-Figueroa* had a plausible claim for relief ... the IJ's unconstitutional failure to inform him that he was eligible ... prejudiced him"); *see also Arrieta,* 224 F.3d at 1082-83 (rejecting the government's argument that Arrieta was not prejudiced by the IJ's failure to inform him of his apparent eligibility for a discretionary waiver and holding that "the evidence ... does not guarantee that he would have been granted a ... waiver, [but] it provides the 'something more' that makes it plausible that he would have").[FN3] Since Cervantes-Gonzales's "Notice to Appear charged him as removable *only* for having committed an aggravated felony ... [and Cervantes-Gonzales's] prior conviction did not fit that definition," he "was removed when he should not have been and clearly suffered prejudice." *See Camacho-Lopez,* 450 F.3d at 930.

> FN3. At the time Cervantes-Gonzales appeared before the IJ in April 1998, he had been a legal permanent resident of the United States for more than eight years, and had lived virtually his entire life in this country with his parents and four siblings. INA § 240A allows the Attorney General to cancel removal for an alien if he has (1) been a legal permanent resident for five or more years, (2) has resided in the United States continuously for seven or more years after being admitted, and (3) has not been convicted of any aggravated felony. *See* 8 U.S.C. § 1229b(a) (1998). Thus, he would have been eligible for cancellation of removal relief if the IJ had not erroneously determined that his California Penal Code section 459 conviction was an aggravated felony.

**\*\*3** [2] Because Cervantes-Gonzales's due process rights were violated when the IJ failed to inform him of his apparent eligibility to apply for cancellation of removal relief pursuant to INA § 240A, prejudicing him, the underlying order of deportation cannot be used as an element of his conviction under § 1326. We therefore reverse his conviction and remand to the district court with instructions to vacate the underlying indictment.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**

C.A.9 (Cal.),2007.  
U.S. v. Cervantes-Gonzales  
238 Fed.Appx. 278, 2007 WL 1879638 (C.A.9 (Cal.))

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.